UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80694-CIV-MARRA

JARED MCGUIRE, a minor by and through
his parents and natural guardians, MINDY
MCGUIRE and DANIEL MCGUIRE, and
MINDY MCGUIRE and DANIEL MCGUIRE,
individually,

Plaintiffs,

vs.

LEARNING CURVE BRANDS, INC., a Florida
profit corporation, and RC2 CORPORATION,
a Florida profit corporation,

Defendants.

_____/

**CORRECTED OPINION AND ORDER[1]**

This cause is before the Court upon Defendant Learning Curve Brands, Inc.'s Motion to

Dismiss Plaintiffs' Complaint (DE 32) and Defendant RC2 Corporation's Motion to Dismiss

Plaintiffs' Amended Complaint (DE 46).  The Court has carefully considered the motions and is

otherwise fully advised in the premises.

I. Background

Plaintiffs Jared McGuire, a minor, and his parents, Mindy and Daniel McGuire

("Plaintiffs"), bring this three-count Amended Complaint against Defendants Learning Curve

Brands, Inc. and RC2 Corporation ("Defendants").  Count one, negligence, and count two, strict

liability, are brought by Jared McGuire, by and through his parents, and by Mindy and Daniel

McGuire in their individual capacities.   The remaining count of loss of consortium is brought by

---

[1] This Order corrects a typographical error on page 6 of the previously-issued Order.

Mindy and Daniel McGuire in their individual capacities.  The Amended Complaint alleges that

Jared McGuire was "exposed to substantial, toxic and dangerous levels of lead" as a result of

playing with Thomas Train toys, which were designed, manufactured, ordered, marketed,

distributed and/or sold by Defendants (Am. Compl. ¶ ¶ 10, 15.)  As a result, Jared McGuire

"suffered severe bodily injury, developmental disorders, resulting pain and suffering, disability,

disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of

hospitalization, medical and nursing care and treatment, loss of ability to earn money and

aggravation of a previously existing condition, if any."  (Am. Compl. ¶ ¶ 23, 34.)

Defendants argue for dismissal of the Amended Complaint.  To begin, they contend that

the recovery sought by Mindy and Daniel McGuire in their individual claims for negligence and

strict liability does not arise from any injury they suffered.  Defendants also contend that the

allegations for loss of consortium do not allege permanent total disability of Jared McGuire.

Furthermore, Defendants argue that Plaintiffs are barred from seeking punitive damages by the

doctrine of res judicata based on a class action settlement in an Illinois lawsuit.  Lastly,

Defendants state that the Amended Complaint violates "the one claim per count rule" by

including a request for damages pursuant to 15 U.S.C. § 2072 in each of the three counts.

## II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground

upon which it rests." Fed.R.Civ.P. 8(a). The Supreme Court has held that "[w]hile a complaint

attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

Factual allegations must be enough to raise a right to relief above the speculative level." Bell

Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). When

considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in

determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

A.  Loss of Consortium

The Court will first address Defendants' contention that Mindy and Daniel McGuire's

individual claims in counts one and two should be dismissed.[2]  Both the negligence and strict

liability claims state that, as a result of Defendants' actions, Mindy and Daniel McGuire will be

denied the society, companionship, benefit and services of their minor child. (Am. Compl. ¶ ¶ 24,

35.)  These same allegations are also pled in their claim for loss of consortium.  (Am. Compl. ¶

39.)  Loss of consortium is a derivative right stemming from claims brought on behalf of their

minor child.  See AcandS, Inc. v. Redd, 703 So. 2d 492, 493-94 (Fla. Dist. Ct. App. 1997).

Given that all of these allegations give rise to a loss of consortium claim on behalf of Jared

McGuire's parents, the allegations in count one and two are duplicative of the allegations in

count three.  To the extent that Jared McGuire can recover for negligence and strict liability

against Defendants, his parents possess a right of action for loss consortium against those same

Defendants.  Id.  Therefore, Mindy and Daniel McGuire can proceed on count three, but not on

the claims for negligence and strict liability.

_____

[2] Plaintiffs do not address this argument in their response memorandum.

Next, the Court denies Defendants' application for dismissal of count three, the loss of

consortium claim brought by Mindy and Daniel McGuire.  Defendants argue that Plaintiffs do

not allege that Jared McGuire suffered an injury that resulted in his permanent total disability.

Although the Court finds that the allegations regarding Jared McGuire's injuries adequately

describe permanent total disability, the Court will allow Plaintiffs leave to amend to allege that

Jared McGuire suffered an injury that resulted in his permanent total disability.[3]

> B.   Plaintiffs' Reference to the Consumer Products Safety Act, 15 U.S.C. § 2072

 Defendants point out that each of the three counts of the Amended Complaint includes a

request for damages pursuant to 15 U.S.C. § 2072.  As such, Defendants assert that any claim

brought pursuant to this federal statute should be pled in a separate count.  In response, Plaintiffs

state that they have made sufficient allegations to entitle them to relief under this statute or,

alternatively, request leave to amend.

The Court finds that Plaintiffs have run afoul of the requirement of Rule 10(b) of the

Federal Rules of Civil Procedure which requires that each claim founded upon a separate

transaction should be stated in a separate count. Fed. R. Civ. P. 10(b); see Murray v. West Palm

Beach Housing Auth., No.08-80396-CIV , 2008 WL 4927007, at * 1 (S.D. Fla. Nov. 17, 2008).

Moreover, the Court notes that while this statute provides for a private right of action for a

knowing or willing violation of a consumer products safety rule, or any other rule issued by the

Consumer Products Liability Commission, Plaintiffs have not identified the rule upon which they

bring this claim.  See 15 U.S.C. § 2072(a); Cook v. Purdue Pharma, No. 1:08cv272 (TSE/JFA),

---

[3] Of course, Plaintiffs must re-plead this claim in good faith and subject to the
requirements of Rule 11 of the Federal Rules of Civil Procedure.

2008 WL 1957858, at * 3 (E.D. Va. May 2, 2008).  Accordingly, Plaintiffs are given leave to amend this claim.

C.  The Application of Res Judicata

Defendants move to dismiss Plaintiffs' claims for punitive damages based on a previously settled class action lawsuit related to the selling, manufacturing, distributing or marketing of Thomas Train toys. Defendants contend that Plaintiffs did not opt out of the related settlement agreement, that the settlement agreement released all claims for punitive damages, and that the doctrine of res judicata bars Plaintiffs from seeking punitive damages.

It is axiomatic that "res judicata precludes the litigation of the same claim between the same parties on the same cause of action." Kirschner v. Baldwin, 988 So. 2d 1138, 1142 (Fla. Dist. Ct. App. 2008); Ayala v. Gonzalez, 984 So. 2d 523, 524 (Fla. Dist. Ct. App. 2008). "One of the requirements for res judicata to apply is that the claim must have been adjudicated on the merits." Froman v. Kirland, 753 So.2d 114, 116 (Fla. Dist. Ct. App. 1999); see also Gomez-Ortega v. Dorten, Inc., 670 So. 2d 1107, 1108 (Fla. Dist. Ct. App. 1996) ("[w]hen the second suit is upon the same cause of action and between the same parties as the first, res judicata applies").[4]

Here, Defendants acknowledge that the "class action agreement specifically states that personal injury claims are not released."  Therefore, "Defendants ha[ve] not sought dismissal of the personal injury claims based upon res judicata.  Rather, the res judicata argument is focused solely upon the claim for punitive damages." (DE 38 at 4.)  Given that the case will go forward on the claim for compensatory damages, there is no need to decide at this early stage in the

_____

[4] In a diversity case, "[f]ederal courts apply the law of the state in which they sit with respect to the doctrine of res judicata." Wesch v. Folsom, 6 F.3d 1465, 1471 (11th Cir. 1993).

5

proceedings what other relief may be available to Plaintiffs should they prevail.  The Court does

not believe that it has sufficient information about the claims brought in the class action or the

settlement to determine what effect, if any, it may have on the type of relief Plaintiffs may

recover.  Thus, the Court will not make any ruling on this issue at the present time.

      IV.  Conclusion

      Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to

Dismiss Plaintiffs' Complaint (DE 32 and  46) is **DENIED**.  Plaintiffs are granted leave to

amend the Amended Complaint consistent with the directives in this Order.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 8th day of May 2009.

      _____

      KENNETH A. MARRA
      United States District Judge